UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>LAUREL BEELER, et al.,<br><br>Defendants. | Case No. 20-cv-00642-KAW<br><br>**ORDER GRANTING IN FORMA PAUPERIS APPLICATION AND REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS CASE WITH PREJUDICE**<br><br>Re: Dkt. Nos. 1, 2 |

On January 29, 2020, Plaintiff Tatyana Evgenievna Drevaleva filed this case against Magistrate Judge Laurel Beeler, based on judicial actions taken in Case No. 16-cv-7414-LB, *Drevaleva v. Alameda Health System*. (Compl. Dkt. No. 1.) Plaintiff also applied to proceed *in forma pauperis*. (Dkt. No. 2.)

The Court GRANTS Plaintiff's application to proceed *in forma pauperis*. Because the case is clearly frivolous, and the parties have not consented to the undersigned, the Court reassigns this case to a district judge and recommends that the case be dismissed with prejudice.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

Plaintiff brings suit against Judge Beeler based on Judge Beeler's rulings in *Drevaleva v. Alameda Health System, Inc.* (Compl. ¶ 11.) Each of Plaintiff's claims challenge specific orders and rulings. (Compl. ¶¶ 12-18.) Plaintiff then alleges that "Judge Beeler's actions were aimed to aid and abet my abusers," before again asserting that Judge Beeler erred in dismissing her amended complaint, not allowing discovery, deciding motions on the papers, and withdrawing her *in forma pauperis* status on appeal. (Compl. ¶ 20.)

Plaintiff's claims are barred by judicial immunity. The Supreme Court has long held that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (internal quotation omitted). "[T]he scope of the judge's jurisdiction must be construed broadly when the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* at 356-57 (internal quotation omitted). Thus, even allegations of a conspiracy between a judge and a party "does not pierce the immunity extended to judges . . . . As long as the judge's ultimate acts are judicial

2

actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

Here, Plaintiff's claims challenge Judge Beeler's orders and rulings in a case that was proceeding before Judge Beeler. Thus, judicial immunity applies. While Plaintiff complains that Judge Beeler repeatedly ruled against her and was trying to aid Defendants, this is irrelevant; "[r]uling against a party, even repeatedly, does not mean that a judge is acting in his or her personal capacity. Judicial immunity 'applies even when the judge is accused of acting maliciously and corruptly.'" *Nielsen v. Lunas*, Case No. 16-cv-3631-EMC, 2016 U.S. Dist. LEXIS 13371, at *12 (N.D. Cal. Sept. 28, 2016).

Accordingly, the Court RECOMMENDS that the case be dismissed with prejudice because Plaintiff cannot state a claim.

### III. CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be DISMISSED with prejudice. The Court GRANTS Plaintiff's request to proceed *in forma pauperis.*

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO ORDERED.

Dated: February 3, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3