UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>             Plaintiff,<br><br>   v.<br><br>LAUREL BEELER, et al.,<br><br>             Defendants. | Case No. 20-cv-00642-JD<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>Re: Dkt. No. 18 |

This is a case brought by pro se plaintiff Tatyana Drevaleva against Magistrate Judge Laurel Beeler ("in her individual capacity as a Magistrate Judge of the District Court for Northern California") and the United States. Dkt. No. 1. Drevaleva states that she "is a plaintiff in Case No. 3:16-cv-07414-LB *Drevaleva v. Alameda Health System et al.*," to which "Magistrate Judge Hon. Laurel Beeler was assigned." *Id*. ¶ 5. Drevaleva's complaint made allegations against Judge Beeler, all having to do with Judge Beeler's rulings in and handling of the 16-cv-07414-LB case. *Id*. ¶¶ 12-20. The Court dismissed this case with prejudice and entered judgment against Drevaleva because the claims were barred by judicial immunity. Dkt. Nos. 15, 16.

Drevaleva has filed a motion to vacate the judgment on the basis of an "inconsisten[cy] with the requirements of the Federal Tort Claims Act or 28 CFR Part 15." Dkt. No. 18.[1] Drevaleva says her suit was never presented to the "Attorney General of the U.S.A. or the U.S. Attorney for the Northern District of California to certify whether Ms. Beeler acted within the scope of her office" in connection with the claims made by Drevaleva in this case. Dkt. No. 18 at 3-4.

---

[1] The motion for leave to file a motion to vacate the judgment, Dkt. No. 17, is granted.

This misapprehends the certification requirement. "The Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679 (the 'Reform Act'), authorizes the Attorney General to certify that a United States employee was acting within the scope of his [or her] employment at the time of an incident which gave rise to a civil claim. 28 U.S.C. §§ 2679(d)(1) and (2). Once certification is given in a civil action, the Reform Act mandates both the substitution of the United States as the defendant, *id.*, and, if initiated in state court, the removal of the action to the United States District Court. 28 U.S.C. § 2679(d)(2)." *Meridian Intn'l. Logistics, Inc. v. United States*, 939 F.2d 740, 743-44 (9th Cir. 1991); *see also Osborn v. Haley*, 549 U.S. 225, 230 (2007) ("Upon the Attorney General's certification, the employee is dismissed from the action, and the United States is substituted as a defendant in place of the employee.").

None of this is relevant here. Drevaleva filed this action in federal court, and named Judge Beeler and the United States as defendants. Dkt. No. 1. As explained in the dismissal order, Drevaleva's complaints about Judge Beeler's actions as presiding judge in the 16-cv-07414-LB case were barred as a matter of judicial immunity. Dkt. No. 15. This immunity bars not only Drevaleva's claims against Judge Beeler, but also her FTCA claim against the United States. *See* 28 U.S.C. § 2674 ("United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States"). Consequently, the Court's dismissal with prejudice of the FTCA claim on the basis of judicial immunity was entirely appropriate. *See Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986).

The motion to vacate the judgment is denied. Dkt. No. 18. Drevaleva may not file any new motions in this closed case without express leave of Court. The Court issued a similar order previously, and Drevaleva is advised that failure to comply with it will result in the termination of ECF access.

**IT IS SO ORDERED.**

Dated: December 14, 2020

JAMES DONATO
United States District Judge

2